JOSEPH E. WEST ET AL. v. JAMES W. CALDWELL.

1. Breaches may be assigned upon a bond with special condition after issue joined on the plea of *non est factum; semble*, that they may be assigned after verdict.

2. A replevin bond with a condition "to prosecute the suit and to return the same goods and chattels, if return thereof shall be adjudged," is not void or defective, although the condition directed by the statute be "to prosecute the suit *with effect and without delay*, and to return the goods and chattels *distrained*" in case return shall be awarded. ·

3. In an action on a replevin bond, the writ of replevin is competent and relevant evidence under the suggestion of breaches.

4. The plaintiff in an action on a replevin bond is not bound by the value of the goods as recited in the condition; that is by an appraisement for the purpose of guiding the sheriff as to the amount of security, but is not binding upon either of the parties.

This cause was removed from the Supreme Court by writ of error. The cause was tried at the Atlantic Circuit, before Justice Carpenter, and bills of exceptions were taken by the plaintiffs in error, who were the defendants below, to the ruling of the judge at circuit.

The evidence excepted to, the objections, and the charge of the circuit judge, are given in the report of the case on a motion for a new trial in the Supreme Court, 1 *Zab.* 411.

Potts, J. In 1834, Joseph E. West, one of the present plaintiffs in error, brought an action of replevin against Taylor and Briggs, for the recovery of a quantity of lumber then in their possession, and which he claimed as his property. The writ was executed by James W. Caldwell, then sheriff of Gloucester county, and the lumber delivered to West, upon his executing a bond to Caldwell, with Estill as security, conditioned to prosecute the suit with effect and without delay, and to return the goods in case a return should be awarded. West finally failed in the action of replevin; judgment was entered, and a writ *de retorno habendo* was awarded, to which there was a return that the goods had been eloigned: and thereupon Taylor and Briggs brought this action in Caldwell's name, upon the bond against the obligors, and obtained a judgment for the value of the goods and detention, &c. This judgment was clearly right in principle, and should be sustained, unless some fatal error is shown in the proceedings.

The cause was tried at the Atlantic Circuit, in 1845, and several bills of exception were taken to the ruling and the charge of the court. The case was reviewed by the Supreme Court upon a motion for a new trial in 1848: the motion was refused, 1 *Zab.* 411, and this writ of error was then brought, the act of 23d February, 1843, being then in force, allowing a party the benefit of his exceptions on error after motion for new trial.

Several errors are assigned for the reversal of this judgment:

1. The first is, that the court allowed the plaintiff to assign breaches upon the condition of the bond mentioned in the de-

claration *at the circuit,* such assignment being objected to by the counsel of the defendant. But the record produced shows that the breaches were assigned in the Supreme Court in proper time, and according to the usual practice in such cases, under the 5th section of the act concerning obligations, and to enable mutual dealers to discount. *Rev. Stat.* 802. There is nothing in the idea, suggested by the counsel of the plaintiff in error, that breaches cannot be assigned in debt on bond after the plea of *non est factum,* and issue joined on that plea and before trial. The statute gives him the right, and the defendants cannot deprive him of it by pleading the general issue. He might have assigned his breaches after verdict, (2 *Saund. R.* 187, *n.* 2,) but it is more correct and attended with less expense and delay to do it before.

2. The next error assigned is, that the court admitted the bond mentioned in the pleadings in the cause to be read in evidence after exception, the same being objected to on the ground that it was *variant from the declaration.* The variance does not appear, however, and this specific ground of error was abandoned on the argument; but exceptions were taken by counsel to the form of the bond itself, and he insisted it was fatally defective. I do not think so. For though it follows the language prescribed by the 15th section of the act for the better regulation of the action of replevin, *Rev. Stat.* 120, instead of the language of the 5th section of that act, yet the condition substantially meets the requirements of the last mentioned section. The direction to take "sufficient security," is answered in this case by taking a bond, in the sum of $800, conditioned for the return of goods, valued at four hundred dollars, and the condition "to prosecute the suit and to return the same goods or chattels, if return thereof shall be adjudged," directed by the 5th section, is not essentially different from that of this bond, which is "to prosecute the suit *with effect and without delay,* and to return the goods and chattels *distrained in case* return shall be *awarded.*" The condition "to prosecute the suit" implies that it is to be done "with effect and without delay;" to "distrain," means to make a seizure of goods, which is done as well by the writ of replevin as by the

warrant of distress, and "adjudged" and "awarded" mean the same thing, in the sense in which they are used in these sections.

3. The third error assigned is, that the court admitted a certain copy of a writ of replevin, and the record of such action, and writs of *fieri facias*, and *retorno habendo*, which were objected to as *irrelevant to the issue* in this court. As the breaches were properly assigned, there was no error in the admission of this evidence at the trial. No damages could have been recovered upon the breaches assigned without it. 12 .*Wend.* 120.

4. The fourth error assigned is, that the court admitted evidence to prove the value of the articles mentioned in the condition of the bond and in the breaches assigned, although the *venire facias* in this cause did not contain any clause for the assessment of damages; and although it was objected at the trial that the plaintiff, having fixed the value of said property at $100 in the condition of said bond, he is estopped from giving parol evidence of the value. As to the first ground, the objection to the *venire,* the record here shows that a *venire,* as well to assess the damages as to try the issue, was awarded, and it is not *shown* that such *venire* did not issue. But, taking the fact to be as alleged, I think the objection cannot prevail, the *venire* being amendable under the statute by the award on the record. 2 *Arch. Pr.* 241.

As to the second ground, that the value of the property is stated in the bond, and that the plaintiff was therefore estopped from giving evidence of the actual value, it is to be observed that the ascertainment of the value by appraisement, which in this case was made and inserted in the bond, was only to aid the officer in determining the amount for which the bond was to be taken, that is, what amount would be "sufficient security" to him for the return of the goods; and though not necessary under the 5th section of the statute, I see no objection to it, for it is calculated to secure both parties against the improvident exercise of the discretion vested in the sheriff. But it is not conclusive as to the value; for if it were, the defendant in an action like this would be bound by the loose estimate

made by appraisers or by the officer himself, and be prevented from showing that it was erroneous, as it no doubt often is; for the sheriff may take such security as he pleases, in his own name and at his own peril. 18 *Johns. R.* 438.

Neither party can be presumed to have assented to the value mentioned in the bond, except for the purpose for which it is there; and the plaintiff was therefore entitled to show the real value of the property at the time taken, and to recover such value with damages for its detention, which is, generally, the interest which has accrued up to the time of the final judgment, provided the whole does not exceed the penalty of the bond.

Some other errors were assigned, but not sustained, and upon the whole the judgment below must be affirmed.

*For affirmance*—The CHANCELLOR, Judges POTTS, OGDEN, HAINES, RISLEY, ARROWSMITH, VALENTINE, WILLS, SCHENCK, and CORNELISON.

*For reversal*—None.

Judgment affirmed.

CITED *in Peacock* v. *Haney,* 8 *Vr.* 181.